## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Criminal Action No. CCB-05-0053 |
| v. | * | Civil Action No. CCB-16-1778 |
| | * | |
| DONTE LAMONT BROWN | * | |
| | * | |
| | * | |

## MEMORANDUM AND ORDER

On July 7, 2005, Donte L. Brown pled guilty to one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One) and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three). (ECF 64-2, 64-3). On February 14, 2006, he was sentenced to 216 months' incarceration on Count One and 84 months' incarceration, consecutive, on Count Three, for a total term of 300 months in prison. (ECF 26).

On May 31, 2016, Brown filed a motion to vacate under 28 U.S.C. § 2255 (ECF 61) following the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2251 (2015), and a motion to supplement (ECF 64) following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The motion was held in abeyance pending the Fourth Circuit's decision in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). In *Taylor*, the Fourth Circuit decided that attempted Hobbs Act robbery did not qualify as a "crime of violence" under Section 924(c). While the government disagrees with this decision, and may seek certiorari to the Supreme Court, at present the Fourth Circuit's decision in *Taylor* is binding precedent and thus invalidates Brown's conviction on Count Three. *See, e.g., United States v. Mims*, Crim. No. JKB-14-0245, 2021 WL 1018135, at *1 (D. Md. Mar. 17, 2021).

The government has requested resentencing on Count One if the conviction is vacated.

(ECF 68 at 8). *See Dean v. United States*, 137 S. Ct. 1170, 1176 (2017). Accordingly, it is hereby

Ordered that:

1. Brown's motion to supplement (ECF 64) is GRANTED;

2. Brown's motion to vacate conviction under 28 U.S.C. § 2255 (ECF 61) is GRANTED;

3. The Clerk is directed to CLOSE Civil Case No. CCB-16-1778; and

4. Counsel will be contacted to schedule a resentencing hearing.


 3/26/2021
    Date

                 /s/
                Catherine C. Blake
                United States District Judge